

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-1465-13

---

### THOMAS DALE DELAY, Appellant

### v.

### THE STATE OF TEXAS

---

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRD COURT OF APPEALS
### TRAVIS COUNTY

---

**JOHNSON, J., filed a concurring opinion in which COCHRAN, J., joined.**

### C O N C U R R I N G   O P I N I O N

As I read the indictment against appellant, he was charged in count I with conspiring with his co-defendants to "knowingly mak[e] a political contribution" in violation of the Election Code. Count II alleged that he "did knowingly conduct, supervise, and facilitate a transaction involving the proceeds of criminal activity . . . to wit, . . . knowingly making a political contribution" in violation of the Election Code. Thus the state had to prove for count II that the contribution made by TRMPAC to RNSEC violated the Election Code, that appellant was active in the process, and that he knew that the process violated the Election Code. If the contribution did not violate the Election

Code, count II failed, as did count I because it is not a crime to conspire to do a legal act.

There is some evidence that appellant was aware of the transfer–knowledge claimed to be acquired after the fact–but none that he was directly involved. The soft money from TRMPAC went into RNSEC's soft-money account. Because it came from TRMPAC's soft-money account and went into RNSEC's soft-money account, the beliefs and intents of the corporate executives became irrelevant; corporate money, regardless of the donor's actual intent, went into the corporate-money account. The money sent by RNSEC directly to Texas candidates came, as is required by law, from its hard-money account. Like some of Goldman Sachs's dealings with a Spanish bank, the wheeling and dealing was a tad shady, but legal.

Filed: October 1, 2014
Publish